IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| C. DOUG FYKE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil No. **04-747-GPM** |
| | ) |
| GREGORY LAMBERT, | ) |
| | ) |
|     Respondent. | ) |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Respondent's Motion to Dismiss **(Doc. 15)**.  Petitioner has filed a response.  **(Doc. 23)**.

C. Doug Fyke filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254.  In 1986, petitioner was convicted by a jury in Marion County, Illinois, of murder.  He was sentenced to an extended term of 50 years imprisonment upon the trial judge's finding that the crime was "accompanied by exceptionally brutal or heinous behavior" pursuant to 730 ILCS 5/5-8-2(a)(1).

Respondent moves for dismissal because the petition was untimely.

**Procedural History**

The exhibits attached to the motion establish the following sequence of events:

| | |
|---|---|
| November 2, 1989 | Appellate Court affirmed conviction on direct appeal; |
| December 31, 1991 | first postconviction relief petition filed; |
| April 8, 1992 | court granted motion to dismiss postconviction petition; |
| April 9, 2001 | second postconviction relief petition filed in state court |

1

| | |
|---|---|
| January 2, 2002 | state court dismissed second petition |
| July 10, 2003 | Appellate Court affirmed |
| December 3, 2003 | petition for leave to appeal to Supreme Court denied |
| October 15, 2004 | habeas petition filed in this Court. |

## Analysis

Fyke did not file a petition for leave to appeal to the Supreme Court after the Appellate Court affirmed his conviction on direct appeal on November 2, 1989.  **See, Doc. 1, ¶9.**  Thus, his conviction became final on November 24, 1989.  Ill. Sup.Ct. R. 315(b).

On April 24, 1996, the present version of 28 U.S.C. §2244 came into effect.  Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his *habeas* petition in this Court within <u>one year of the latest of</u>:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, a conviction became final before the effective date of **§2244(d)(1)**, the one year period of limitation began to run on April 24, 1996.  **See also, *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000).**  Thus, petitioner had until April 24, 1997, in which to file a timely petition.  He did not do so.

The untimely petition is not saved by any other provision of §2244(d)(1).

It is apparent that §2244(d)(1)**(B)** does not apply.

2

This case does not fall within the "retroactive application of a new constitutional principle" exception contemplated by §2244(d)(1)**(C)**.  Petitioner asserts as grounds for his habeas petition that his enhanced sentence is invalid under *Apprendi v. New Jersey*, **530 U.S. 466, 120 S.Ct. 2348 (2000)**.  However, *Apprendi* does not apply retroactively on collateral review and therefore "does not disturb sentences that became final before June 26, 2000, the date of its release."  *Curtis v. U.S.*, **294 F.3d 841, 844 (7th Cir. 2002).**

Petitioner argues that §2244(d)(1)(D) applies because he filed a second petition for postconviction relief in state court on April 9, 2001, within one year of the decision in *Apprendi*.

Fyke argues that "a recently decided case" constitutes a factual predicate upon which to base a habeas claim within the meaning of §2244(d)(1)(D).  In support, he cites *Owens v. Boyd*, **235 F.3d 356 (7th Cir. 2000)**, a case which hurts, rather than helps, his argument.

In *Owens*, the Seventh Circuit explained that the one year contemplated in §2244(d)(1)(D) "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.**"** *Owens*, **235 F3d. at 359**.

Although Fyke may not have understood the legal significance of the facts, he knew back in 1987 that the judge, and not the jury, has made the finding that he was eligible for an extended term because the murder was "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty."  **See, Transcript of Sentencing Hearing, Doc. 1, Exhibit D**.  Therefore, §2244(d)(1)(D) does not apply.

To argue, as Fyke does, that learning of the *Apprendi* decision constitutes the discovery of new facts is simply another way of saying that *Apprendi* is retroactive, which it clearly is not.  ***Curtis v. U.S., supra***.

In any event, even if issuance of the *Apprendi* decision constituted the discovery of new facts, Fyke's petition would still be untimely. *Apprendi* was decided on June 26, 2000. The Section 2254 petition was not filed until October 15, 2004, more than four years later.

This petition is not made timely by application of the tolling provision of **28 U.S.C. §2244(d)(2)**. That section tolls the running of the one-year period during the time that a "properly filed" application for state postconviction remedy is pending. Here, there was no application for state postconviction remedy pending at any time during the one-year limitation period. Fyke's first postconviction petition was dismissed on April 8, 1991, before the limitation period began running.

The second petition for postconviction relief, filed on April 9, 2001, cannot serve to revive the one-year limitation period which expired on April 24, 1997 . This second postconviction petition was dismissed as untimely. **See, Doc. 15, Exhibit L**. The filing of the second state court petition has no effect on the timeliness of the habeas petition filed in this Court. "Under this rationale, a petitioner could file a petition years after the limitations period expired, so long as the state court eventually entertained it on its merits. This would allow a petitioner to successfully circumvent the statute of limitations period. We have previously declined to adopt this position and will not do so now." ***Johnson v. McCaughtry*, 265 F.3d 559, 564-565 (7th Cir. 2001).**

Lastly, the Court notes that petitioner makes a claim of actual innocence as his fifth ground for habeas relief. However, a freestanding claim of actual innocence does not extend the time for filing a Section 2254 petition. ***Escamilla v. Jungwirth*, 426 F.3d 868, 871-972 (7th Cir. 2005); *Araujo v. Chandler*, --- F.3d ----, 2005 WL 3454099 (7th Cir. December 16, 2005).**

In an attempt to bootstrap his way into timeliness under **§2244(d)(1)(D)**, Fyke suggests that he has newly discovered evidence of his actual innocence in the form of an affidavit from

4

his wife, Tammy S. Fyke, who was also convicted of participating in the same murder. **Doc. 1, Exhibit C.** The affidavit states that, while Tammy Fyke was guilty of the murder, Doug Fyke was not because he was unaware of the murder plot. This is the theory of defense that Doug Fyke presented at trial. **See, Doc. 15, Exhibit C**. Mrs. Fyke's affidavit does not qualify as newly discovered evidence so as to reset the clock under **§2244(d)(1)(D)**. Even if it were newly discovered evidence, it would do no good here. The affidavit is dated June 17, 2000, and Fyke's habeas petition was not filed until October 15, 2004.

## Recommendation

Because it is clear that Fyke's petition is untimely, this Court recommends that Respondent's Motion to Dismiss **(Doc. 15)** be **GRANTED**. The petition for habeas should be dismissed with prejudice.

Objections to this Report and Recommendation must be filed by February 8, 2006.

**Submitted:  January 20, 2006.**


s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**